# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| SunTrust Bank,<br><br>      Appellant – Creditor,<br><br>v.<br><br>Katelyn Marie Hamlin; Karla Kay Olson; and Bradley Thomas Olson,<br><br>      Appellee – Debtors. | Case No. 18-cv-02844 (SRN)<br><br>**MEMORANDUM OPINION AND ORDER** |

Bradley J. Halberstadt, Stewart, Zlimen & Jungers, Ltd., 2860 Patton Road, Roseville, MN 55113 for Appellant-Creditor.

Wesley W. Scott, Kain & Scott, 13 South Seventh Avenue, St. Cloud, MN 56301, for Appellee-Debtors Karla Kay Olson and Bradley Thomas Olson.[1]

SUSAN RICHARD NELSON, United States District Judge

      SunTrust Bank (hereinafter "SunTrust") is appealing the Bankruptcy Court's September 20, 2018 Order (hereinafter "the Order") denying its motion to lift the automatic bankruptcy stay as to a secured lien SunTrust holds on a 2015 Honda CRV owned by Katelyn Marie Hamlin (and which Karla Kay Olson and Bradley Thomas Olson, the Debtors in the underlying bankruptcy proceeding, are co-debtors).

      By way of background, in the proceeding below, SunTrust contended that it was entitled to relief from the automatic stay under 11 U.S.C. § 362(d)(1) and 11 U.S.C. §

---

[1]     Katelyn Marie Hamlin, who is the key party in this appeal from the Bankruptcy Court, did not file an appearance and is not represented by counsel. Based on the record, it appears that Hamlin is the Olsons's adult daughter.

1301(c)(2), because Hamlin had substantial arrearage on her car payments, and the Olsons's Chapter 13 plan "failed . . . to provide for full payment of this indebtedness." (SunTrust Br. [Doc. No. 8] at 7.) This unaccounted-for arrearage was particularly problematic, SunTrust argued, because the balance due under the contract was greater than the current value of Hamlin's vehicle. (*Id*. at 5.) Therefore, SunTrust asserted, the automatic stay needed to be lifted so that it could foreclose on this asset and thereby protect its secured property interest. *See* 11 U.S.C. § 362(d)(1) (allowing a bankruptcy court to "terminate, annul, modify, or condition" an automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest"); 11 U.S.C. § 1301(c)(2) (requiring a bankruptcy court to lift a stay on actions taken against a co-debtor "to the extent that the plan filed by the debtor proposes not to pay such a claim").

Hamlin (proceeding *pro se*) timely responded to SunTrust's motion by stating that the only reason she stopped making payments on the car loan was that SunTrust prevented her from paying online and told her that she no longer had an account with the company. (*See* Aug. 10, 2018 Hamlin Letter [Doc. No. 10].) However, Hamlin did not dispute her delinquency, and noted that she was "willing to work with the company moving forward." (*Id*.)

Shortly thereafter, on September 17, 2018, the Bankruptcy Court conducted a telephonic motion hearing with SunTrust's counsel and Hamlin. At this hearing, SunTrust's counsel corroborated Hamlin's assertion that SunTrust was not sending her bills, or allowing her to access her online account (because of the automatic stay on all

debts co-owned by the Olsons), but then asserted that it was Hamlin's responsibility (as a "non-filer," but co-debtor) to "make voluntary payments by sending them into the same place as [she] did before." (Sept. 17, 2018 Hr'g Tr. [Doc. No. 10] at 10-11.) To this, Hamlin again noted that she had "solely" made payments online, and that she did not know how much she owed. (*Id.*) In response to this exchange, the Bankruptcy Court reasoned that, although SunTrust was "legally right" about its entitlement to immediately collect on the car loan, SunTrust was "practically . . . put[ting] [Hamlin] in an impossible position." (*Id.* at 11.) Accordingly, the Bankruptcy Court denied SunTrust's motion for relief from the automatic stay, and further ordered SunTrust to "commence sending statements" to Hamlin and to "negotiate a cure of the outstanding arrears over a reasonable period of time." (Sept. 20, 2018 Order [Doc. No. 10]; *accord* Hr'g Tr. at 12-13.) The Order also noted that, "if the parties are unable to negotiate a cure of the outstanding arrears over a reasonable period of time, SunTrust may file another motion with respect to" Hamlin's vehicle. (*Id.*)

Following this Order, it appears that SunTrust did not try to comply with the Bankruptcy Court's well-reasoned compromise, and instead appealed the Bankruptcy Court's denial of its request for a stay to this Court. This was so, SunTrust suggested in its brief, because the automatic stay purportedly "prohibits" it from "sending monthly statements to collect the debt" and/or "attempting to negotiate a cure of the existing arrears" – "both actions ironically required by the Order." (SunTrust Br. at 15.)

The Court rejects SunTrust's argument, and remands this case back to the Bankruptcy Court to give SunTrust an opportunity to comply with the Bankruptcy

3

Court's original order, for two reasons. First, as an initial matter, it is not clear that this Court even has jurisdiction over the Order. Federal district courts only have jurisdiction "from final judgments, orders, and decrees" of bankruptcy courts, unless the appeal is certified as an interlocutory appeal. 28 U.S.C. § 158(a). Although it is true that, in the usual course of business, an order denying relief from the automatic stay is a final order, *see, e.g.*, *In re Apex Oil Co.*, 884 F.2d 343, 347 (8th Cir. 1989), a close inspection of this Order (along with the accompanying transcript) suggests that the Bankruptcy Court was merely *deferring* SunTrust's request for relief from a stay, to give the parties time to negotiate a settlement, rather than outright denying SunTrust's motion. *Cf. In re Atlas*, 210 F.3d 1305, 1308 (11th Cir. 2000) ("[A] bankruptcy court's order is not final for purposes of appellate jurisdiction where the bankruptcy court finds liability for violation of the automatic stay, but defers assessment of damages."). Indeed, the Order specifically contemplated SunTrust filing another motion requesting relief from the automatic stay if the proposed compromise did not yield fruit. (*See also* Hr'g Tr. at 13 ("I will leave it to you to try to work out something and if you can't then maybe you can come back and ask again.").)

Second, even if the Bankruptcy Court's decision was final for jurisdictional purposes, the Court would nonetheless affirm the Bankruptcy Court's decision on the merits. This Court reviews a denial of a request for relief from the automatic stay for clear error as to factual judgments, and *de novo* as to legal judgments. *See In re Apex*, 884 F.2d at 348. The Court finds no reversible error here. In crafting the aforementioned compromise, the Bankruptcy Court recognized the equities on both sides and "modified"

4

the automatic stay accordingly. *See* 11 U.S.C. § 362(d)(1) (allowing a bankruptcy court to "terminate, annul, *modify*, or condition" an automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest"). Moreover, the Bankruptcy Court in no way suggested that it would indefinitely bar SunTrust from receiving the mandatory relief it is undoubtedly entitled to under 11 U.S.C. § 1301(c)(2). (*See* SunTrust Br. at 14.) Rather, the Bankruptcy Court merely required that the parties *first* attempt to resolve this dispute internally, *before* the Court would lift the automatic stay (and thereby subject Hamlin's vehicle to immediate foreclosure). *See generally* 11 U.S.C. § 105(a) (granting the bankruptcy court broad equitable powers in enforcing the Bankruptcy Code).

Finally, although the Court takes SunTrust's point that it does not wish to run afoul of the automatic stay by reaching out to Hamlin (*see* SunTrust Br. at 15), the Court is hard-pressed to imagine how such outreach could constitute a violation of the automatic stay when the Bankruptcy Court explicitly ordered it to take such actions. Indeed, by failing to adhere to a court order, SunTrust risks incurring a different kind of sanction. *See In re Steward*, 828 F.3d 672, 686 (8th Cir. 2016) (describing the bankruptcy court's "civil contempt power" to ensure "compliance with court orders").[2]

As such, based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that the Bankruptcy Court's September 20, 2018 Order is

---

[2] To the extent SunTrust wishes to be on all fours with respect to settlement negotiations with Hamlin, perhaps the more prudent course is for SunTrust to secure explicit approval from the Bankruptcy Court for any particular action it wishes to take.

**AFFIRMED**. SunTrust shall promptly comply with the Bankruptcy Court's Order on remand, and bring any further motions requesting relief from the automatic stay in the manner contemplated by that Order.

Dated:  January 24, 2019                    /s/ **Susan Richard Nelson**
                                           SUSAN RICHARD NELSON
                                           United States District Judge